**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4266**

———————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CARLOS ANTONIO RILEY, JR.,

    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00122-TDS-1)

———————————

Submitted: January 20, 2015   Decided: February 3, 2015

———————————

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Antonio Riley, Jr., pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The conviction was predicated on an altercation between Riley and a law enforcement officer; during the altercation, Riley obtained the officer's firearm and shot him in the leg. Riley was sentenced to the statutory maximum of ten years' imprisonment, which was also the Sentencing Guidelines range. On appeal, Riley raises three challenges to the calculation of his Sentencing Guidelines range, and he contests the reasonableness of his sentence. Finding no error, we affirm.

We review Riley's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first review for "significant procedural error[s]," including, among other things, whether the Guidelines range was calculated incorrectly. Id. When reviewing the district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). Only if we find a sentence procedurally reasonable will we consider whether it is substantively reasonable. Id. We presume a sentence is substantively reasonable if it is imposed within the properly

2

calculated Guidelines range. See United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). This presumption may only be rebutted with a showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. Id.

In his first sentencing challenge, Riley claims that the district court erred in crediting the testimony of the police officer and in finding that Riley's firearms offense was related to an underlying robbery offense. The calculation of Riley's offense level began with the application of U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(c)(1) (2012), the Guideline applicable to offenses involving unlawful possession of firearms. Because Riley's firearms offense was committed in connection with another offense, section 2K1.1(c)(1)(A) provides a cross-reference to USSG § 2X1.1. That section, in turn, directs application of the base offense level for the underlying substantive offense. The substantive offense used by the probation officer in formulating the presentence report (PSR) was robbery. See USSG § 2B3.1.

When determining whether the underlying offense was indeed robbery, the district court considered the testimony of both Riley and the law enforcement officer. The court credited the officer's testimony, finding that Riley took the firearm away from the officer after a struggle, put a magazine into the

firearm, chambered a round, and pointed the firearm at the officer. Riley argues that the court erred by crediting the officer's testimony. Under clear error review, we may decide that a factual finding is clearly erroneous only if we are left with the definite and firm conviction that a mistake has been made. United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008). Nothing in the record calls into question the district court's decision to credit the testimony of the law enforcement officer. See, e.g., United States v. McLean, 715 F.3d 129, 145 (4th Cir. 2013) (deferring to district court's decision to credit witness's testimony). Because Riley's conduct, as found by the district court, constituted robbery under North Carolina law, see North Carolina v. Maness, 677 S.E.2d 796, 810 (N.C. 2009), the court properly applied the base offense level for USSG § 2B3.1.

Riley next challenges the enhancement applied under USSG § 3A1.2(c)(1). Pursuant to that section, six levels are added to the offense level if the defendant assaulted the officer during the course of the offense or immediate flight therefrom and created a substantial risk of serious bodily injury. An assault is a threat or use of force with the intent to create bodily injury. United States v. Hampton, 628 F.3d 654, 660 (4th Cir. 2010). The application notes to the relevant Guidelines provision state that the enhancement applies in

circumstances "tantamount to aggravated assault." USSG § 3A1.2 cmt. n.4(a). Riley argues that the district court erred in applying this enhancement. We have reviewed the record and the district court's factual findings and conclude there was no error in the district court's finding that Riley engaged in "assaultive resistance to arrest;" thus, the addition of six levels to the offense level was proper. Hampton, 628 F.3d at 660-61.

Riley next contends that the district court erred in declining to award him an acceptance of responsibility reduction. Under USSG § 3E1.1(a), the sentencing court should decrease the offense level by two levels if the defendant clearly demonstrates acceptance of responsibility for his offense. When the district court determines that the defendant qualifies for a decrease under subsection (a), the offense level may be decreased by one additional level under § 3E1.1(b), if the government so moves. In order to receive a reduction pursuant to USSG § 3E1.1, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks omitted). "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner

5

inconsistent with acceptance of responsibility." USSG § 3E1.1 cmt. n.1(A). Because Riley denied the relevant conduct of attempting to disarm the officer, the district court's decision was not clearly erroneous.

Finally, Riley asserts that his sentence was unreasonable. He contends that the district court "placed undue weight on the nature of the crime," referring to the Guidelines calculation challenges addressed above. (Appellant's Br. at 20-22). Because we have concluded that those challenges are meritless, and because Riley's within-Guidelines sentence is entitled to a presumption of reasonableness — a presumption he has not rebutted in any fashion — we conclude that his sentence was reasonable.

Accordingly, we affirm Riley's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED